IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

VINCENT JOHN BAZEMORE, JR., §
Reg. No. 37160-177, §
    Plaintiff, §
§
v. § EP-10-CA-211-DB
§
WARDEN TRAVIS BRAGG (FCI §
La Tuna), CASE MANAGER §
WILSON, (FCI La Tuna), §
COUNSELOR HOLGUIN §
(FCI La Tuna), §
    Defendants. §

## ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Vincent John Bazemore ("Bazemore"), proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Bazemore, a federal prisoner currently incarcerated at the La Tuna Federal Correctional Institution, in Anthony, Texas,[2] has alleged that Defendants violated his due process rights and discriminated against him based on his race (African-American) when they reclassified him and increased his security level from "minimum" to "low."

Currently before the Court for its consideration are Bazemore's complaint [ECF No. 14],[3] Defendants' motion to dismiss or, in the alternative, motion for summary judgment [ECF No.

---

[1] "ECF No." ("Electronic Case Filing Number") refers to the document number assigned to a document filed with the Court in the electronic case management system.

[2] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C.A. § 124(d)(3) (West 2011).

[3] "ECF No." ("Electronic Case Filing Number") refers to the document number assigned to a document filed with the Court in the electronic case management system.

35], Bazemore's response [ECF No. 37], Defendants' amended reply [ECF No. 41], and Bazemore's affidavit in opposition [ECF No. 43]. Also before the Court is the report and recommendation of the United States Magistrate Judge to whom this matter was referred.[4]

In his report, the Magistrate Judge recommends that the Court grant Defendant's motion and dismiss the instant cause. The Magistrate Judge reasons "that Plaintiff has failed to identify a liberty interest violated by his reclassification and transfer and has therefore failed to state a due process claim upon which relief could be granted."[5] Further, he finds that "Plaintiff has not alleged facts that demonstrate that he was placed in substantial danger by being transferred to [Federal Satellite Low] La Tuna or that Defendants were deliberately indifferent to his safety."[6] He also notes that "Plaintiff has provided no allegation or evidence to demonstrate that he was treated differently from others similarly situated [and] failed to state a claim for a violation of Equal Protection rights upon with relief could be granted."[7] Finally, he concludes that "Defendants are entitled to summary judgment based on the affirmative defense of qualified immunity as well."[8]

The Magistrate Judge gave Bazemore fourteen days to file written objections to his

---

[4] *See* 28 U.S.C.A § 636(b)(1)(B) (West 2011) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation).

[5] Report and Recommendation 14.

[6] *Id.* at 18.

[7] *Id.* at 21.

[8] *Id.* at 22.

proposed findings, conclusions, and recommendations.[9] A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[10] As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[11] After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[12] To date, Bazemore has not responded to the report.[13]

Accordingly, after reviewing the report, the Court finds that the Magistrate Judge's proposed findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[14] Therefore, the Court enters the following orders:

---

[9] *See* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[10] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[11] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[12] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[13] *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the aggrieved party . . . after being served with a copy of the magistrate's report.").

[14] *Wilson*, 864 F.2d at 1221.

1. The Court **ACCEPTS** the Magistrate Judge's report and recommendation.

2. The Court **GRANTS** Defendants' motion to dismiss or, in the alternative, motion for summary judgment [ECF No. 35].

3. The Court **DISMISSES** Plaintiff Vincent John Bazemore's civil rights complaint pursuant to 42 U.S.C. § 1983 [ECF No. 14] **WITH PREJUDICE**.

4. The Court **ADVISES** Plaintiff Vincent John Bazemore's that this dismissal counts as a "**STRIKE**" pursuant to 28 U.S.C. § 1915.[15] The Clerk will therefore provide a copy of this Order to the District Clerk for the Eastern District of Texas, Tyler Division, Attention: Three Strikes Manager, 211 West Ferguson, Tyler, Texas 75702. *Should Bazemore accumulate three strikes, he may be denied* in forma pauperis *status, and required to pay the full filing fee, when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.*[16]

5. The Court **DENIES** all pending motions, if any, as moot.

SIGNED this _8/1_ day of **August 2011.**

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[15] *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.")

[16] *See id.*